UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

SHERIEKA SMALLING,

              Defendant.



12-CR-61

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decision making authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Between October 2010 and December 2011 defendant, directed by co-defendant Kwan Miller, assisted in the making and distribution of fraudulent credit cards. Defendant printed e-mails containing stolen credit card numbers and forwarded this information to unidentified co-conspirators. Defendant was arrested at her home in Brooklyn, New York, on December 20, 2011.

On May 14, 2012 defendant pled guilty to count two of a three-count indictment. Count two charges that with the intent to defraud, Smalling: (1) produced, used, and trafficked in one or more counterfeit access devices, specifically credit cards and credit card account numbers; (2) possessed fifteen or more unauthorized access devices; and (3) produced, trafficked in, and had control and custody of device making equipment and software, all in a manner affecting interstate and foreign commerce, and in violation of 18 U.S.C. §§ 1029(a)(1) and 1029(a)(3).

This court held that the total offense level is 17 and defendant's criminal history is category I. The Guidelines range of imprisonment is between 24 and 30 months. *See* U.S.S.G. § 5E1.2(c)(3) (2013). The maximum term of imprisonment is ten years with a maximum fine of $1,265,169.78 (twice the amount of the loss). *See* 18 U.S.C. §§ 1029(b)(2), 1029(c)(1)(B) and 18 U.S.C. § 3571(d).

Smalling was sentenced to three years of probation, and she must pay restitution in the amount of $632,584.89. *See* 18 U.S.C. § 3663A. A $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that she will have any in the near future given the sizeable restitution order.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. *See* 18 U.S.C. § 3553(a). An incarceration sentence within the guidelines is not appropriate in this case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Smalling played a minor role in creating and distributing fraudulent credit cards. Her participation in the instant access device fraud operation was largely dictated by co-defendant Miller, with whom she had a romantic relationship. Defendant's mother expressed the belief that Miller used his relationship with the defendant to influence her to participate in the instant offense.

Defendant has led a commendable life apart from the instant offense. She has no prior convictions and currently works part-time as a brand ambassador for a clothing line. Defendant's employment history demonstrates a strong work ethic and dedication to supporting herself.

Defendant suffers from Type I diabetes, and in October 2007 underwent kidney transplant surgery. Her ongoing treatment is conducted at New York Presbyterian Hospital in New York, New York. Incarceration would cause her special hardship.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that she will engage in further criminal activity.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: March 14, 2014
Brooklyn, New York